**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARNOLD GOMEZ,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 05-74778

Agency No. A044-945-797

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2010[**]
San Francisco, California

Before: GOODWIN, BERZON and IKUTA, Circuit Judges.

Although the INS erroneously referenced INA § 216(b), 8 U.S.C.

§ 1186a(b), instead of INA § 216(c), 8 U.S.C. § 1186a(c), in denying Gomez's

application for a waiver from the requirement that his spouse submit a joint

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petition, the IJ did not err in construing the INS's denial as a determination under 8 U.S.C. § 1186a(c)(4)(B). Gomez filed his application under 8 U.S.C. § 1186a(c)(4)(B), and the INS analyzed the waiver under that section (concluding that the marriage was not entered into in good faith, as required to be eligible for the waiver). Moreover, 8 U.S.C. § 1186a(b) was inapplicable by its terms, because the Attorney General did not terminate Gomez's permanent resident status before the second anniversary of Gomez's obtaining such status.

The IJ did not err in holding that Gomez's conditional residency status had been terminated. *See* 8 U.S.C. § 1186a(c)(2). Gomez's conditional residency status had already terminated for failure to file jointly for removal of the condition within the applicable two-year time period. Moreover, Gomez conceded removability at his hearing and stated the proceedings were to review removal of the condition.

Substantial evidence supports the IJ's denial of Gomez's application for waiver on the basis that his marriage was not entered into in good faith. *See Damon v. Ashcroft*, 360 F.3d 1084, 1088 (9th Cir. 2004). The IJ identified numerous contradictions in the testimony, including whether the marriage had been consummated, the existence of shared expenses and living arrangements, and how Gomez and his wife met.

Finally, the IJ did not apply the wrong legal standard in making the good faith determination. A couple's actions after marriage may "bear on the subjective intent of the parties at the time they were married." *Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1148 (9th Cir. 2005).

**PETITION DENIED.**